UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

ROBERT L. KRUG

              **Plaintiff**

V.

The Law Firm of, Bartle, McGrane, Duffy & Jones
Richard McNally, Jr., Esq., and
Peter B. Jones, Esq.

              **Defendant**

------------------------------------------------------------------

Civil Case No.:

CIVIL
RIGHTS
COMPLAINT
PURSUANT TO
42 U.S.C. 1983

04-CV-0793
LEK DRH

Plaintiffs in the above-captioned action, allege as follows:

That the above mentioned defendants violated plaintiff's guaranteed constitutional rights by ineffective assitance of counsel.

## JURISDICTION

**1.** This is a civil action seeking damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, 1343(3) and (4) and 2201.

That the defendants deprived plaintiff of effective assistance of counsel

## PARTIES

**2. a.** Plaintiff:      Robert L. Krug

     Address:      349 Main Street

                       New Baltimore, New York   12124

                       Pro-se

**3 a.** Defendant: Richard McNally, Jr.

    Address: c/o Holbrook & Johnston

                   12 Main Street

                    Hoosick Falls, N.Y. 12090

**b.** Defendant: Bartle, McGrane, Duffy & Jones

    Address: 251 River St., PO Box 448

                    Troy, N.Y. 12181

**c.** Defendant: Peter B. Jones, Esq.

                       The Law Firm of Bartle, McGrane, Duffy & Jones

                       251 River St., PO Box 448

                       Troy, N.Y. 12181

**4.** **FACTS**

1. On June 6, 2001, on or about 11 a.m. Robert L. Krug was detained by officers of the Troy Police Department while walking in an alley and was arrested and charged with attempted robbery second degree and also with possession of a weapon third degree. Proper witness identification was not complied with, Miranda rights were violated and defendant lacked medical attention.

2. There was no proper police identification done prior to or after Mr. Robert L. Krug's arrest.

3. On June 6, 2001, a pick up truck rented by Mr. Krug was searched and seized without a warrant outside the Troy Police's jurisdiction. They crossed over the Hudson River into the City of Cohoes to search and seize said vehicle and towed it over to Troy.

4. On June 7, 2001 Mrs. Bonnie Krug, after being up all night, learned what had happened to her husband, Mr. Robert Krug, at 2:30 a.m. by reading the Times Union and then again on the 5 a.m. TV news also. She went to the City Court that morning and was detained by the Troy Police Dept with no probable cause for a total of 5 hours. She was coerced into signing 2 warrantless consent forms, not allowed to leave police custody, even though she was never put under arrest, dragged through 3 counties, had their home and income property searched in Greene County with defective consent forms by people not listed on the forms and by police officers out of their jurisdiction. Also had property seized not in plain view and property searched outside of the consent. One item that was

seized, a brown brief case, was not co-owned or jointly controlled, was not in plain view, was locked and not known to Mrs. Krug so she couldn't given consent even if coerced or wanted to.

5. On June 12, 2001, Mr. Robert Krug's 1989 Olds Cutless was towed from the Budget Rental lot located at 918 Albany-Shaker Road, Latham, N.Y., which is located in Albany County. They towed the car back to the Troy Police back lot without a warrant.

6. On June 13, 2001, Sgt. Waters filled out a "Search Warrant Application CPL 690.35" form to search his 1989 Olds Cutless which already had been towed from one county to another over state land and over a Federally regulated waterway. Also to search a brown brief case that was illegally seized from Mr. & Mrs. Krug's residence on June 7, 2001.
Also on June 13, 2001, a "Search Warrant CPL 690.45" was signed by a Troy City Judge which allowed the search.
On June 14, 2001, a "Search Warrant Inventory CPL 690.50" was filled out by Sgt. Waters which stated nothing was found in the 1989 Olds Cutless or in the brown briefcase just non-related papers 20+ years old.

7. On July 12, 2001, City Court held a "Preliminary Hearing" in which the prosecutor made an inaccurate presumption derived from an incomplete reading of PL 400.00(8) which misrepresented the facts and prejudiced the court. The charges was also defective since it said the defendant was being charged with PL 265.5(4). "Possession of weapons by a person under sixteen", Mr. Krug was a man in his fifties at the time. Mr. Krug was

not charged at that time with attempted bank robbery and should have never been held over for a Grand Jury on incomplete and inaccurate information.

8. On July 24, 2001, Richard J. McNally, Jr., Esq. represented Mr. Robert L. Krug on a Bail Application in the Rensselaer County Court. Mr. Krug posted $4,000.00 on a $50,000.00 bond and was released.

9. On August 21, 2001, the Grand Jury was convened to decide whether to indict Mr. Krug. He was never informed of his right to testify or have witnesses testify on his behalf. The plaintiff was, according to August 24, 2001 Grand Jury Handup, charged with Count One, Attempted Robbery First Degree subsection 3 of the Penal Law of New York State. The second count was Attempted Robbery First Degree, a Class E felony and 110/165.15 of the Penal Law which is Theft of Services. The third count of Criminal Possession of a Weapon in the Third Degree and the Fourth count was Criminal Use of a Firearm in the Second Degree. Count Two, according to the "Grand Jury Handup" was duplicitous.

10. On May 20, 2002, the County Court handed down a "Decision and Order" reducing Count One to Attempted Robbery Third Degree and dismissed Count Four of the indictment due to non-sufficient legal evidence to support those charges. Also a Sandoval Hearing was requested by the Court but never held..

11. On August 12, 2002, during the "Plea Hearing" plaintiff was denied the knowledge

of any grounds for affirmative defenses, when it became apparent there were grounds for intoxication, mental defect, intent and mitigating factors which violated Federal Criminal Procedure Law Rule 11. This denied the defendant the knowledge needed to make an intelligent and knowing plea. Also defendant was not informed of Post Release Supervision, another factor in a knowing plea.

12. On December 5, 2002, there was an "Arraignment" on a bench warrant issued October 1, 2002. Defense counsel never showed up. The Arraignment took place even though the Court knew ex parte that defense counsel would be unable to be present. Mr. Krug's rights were never explained nor was there any counsel assigned to explain what was going on or what his rights were. Mr. Krug was not charged with any new or additional charges.

13. On December 13, 2002, there was an "Appearance" Hearing which was held where plaintiff's counsel requested to be relieved and was joined by the plaintiff. Mr. Krug also reminded the court that on September 30, 2002, he mailed a letter to inform the Court that defense counsel had been fired and defendant was looking for new counsel. Request was denied.

Then again on December 19, 2002, Defense counsel again during the "Sentencing Hearing" requested to be relieved because he felt he couldn't be effective. Again the request for new counsel was denied.

14. On December 19, 2002, the County Court allowed a witness to give a "victim's

impact statement" with no notification to plaintiff prior to sentencing. Nor did the court inform the plaintiff he had the right to submit questions nor was he afforded an adjournment to rebut any statements made by the witness. Counsel was mute on these issues.

15. On December 19, 2002, plaintiff only had one hour to review his defective PSI report. The court and defense counsel thought that was sufficient time for plaintiff to review the report before sentencing.

16. On December 19, 2002, Mr. Krug was illegally levied a surcharge $1,298.00 to repay extradition costs even though Mr. Krug had never been convicted of bail jumping or any other charge related to those expenses.

17. During no City or County Court proceedings was a formal complete indictment, of all the charges, ever read to the plaintiff on or off the record by the people, the court or defense counsel, nor was the plaintiff ever informed of the key elements that make up those charges.

18. Plaintiff was sentenced on December 19, 2002 to the maximum sentenced allowed, for Attempted Robbery First Degree subsection two, for a first time violent felony offense of 15 years. Plaintiff is now serving his sentence at Upstate Correctional Facility in Malone, New York with appeal pending.

5.                     **FIRST CAUSE OF ACTION**

On July 12, 2001, a Preliminary Hearing in Troy's City Court was presided over by Judge Henry R. Bauer to see if there was sufficient grounds to hold Mr. Robert Krug over for a Grand Jury. The assistant District Attorney charged plaintiff with PL 265.05(4) and further relied on the presumption that PL 400.00(8) was violated. Plaintiff was represented by Richard J. McNally, Jr. of the Law Firm of Bartle, McGrane, Duffy and Jones, located at 251 River Street, Troy, N.Y. 12181. Under the color of law Mr. McNally, as an officer of the court and fully licensed to practice law in the State of New York, failed to protect Mr. Krug's Fifth and Fourteenth Constitutional Amendment rights to due process when he allowed an incorrect charge of PL 265.05(4), "Unlawful Possession of Weapons by a Person under sixteen" to stand and for the incomplete reading of PL 400.00(8), "License to carry and possess firearms," which misrepresented the statute thereby misinforming, which prejudiced the court because the prosecutor left out the part that a license need only be presented when asked for. According to the transcripts, defense counsel had his "Gilberts" with him but neglected to verify, challenge, or object to the improper use of these statutes causing lack of due process and denying Mr. Krug effective assistance of counsel, violating his Fifth, Sixth and Fourteenth Amendment right.

**SECOND CAUSE OF ACTION**

On July 24, 2001, upon counsel's advise plaintiff posted a $50,000.00 bond and paid $4,000.00 to a bail bondsman, not the one suggested by counsel. This was done 48 days

after plantiff was arrested and arraigned. Plaintiff should have been released on his own recognizance after 45 days but counsel never advised him of that option.

### THIRD CAUSE OF ACTION

On August 21, 2001, the Grand Jury of Rensselaer County was held to see if there was sufficient cause to indict Mr. Robert Krug. Mr. Krug was never informed of this date by his counsel, Richard J. McNally, Jr., the Court or by the District Attorney nor was he informed by the same that he had the right to testify and have witnesses and counsel present plus not being informed of the nature and the cause of action. Thus violating his rights, under NY statute CPL 190.50 and to have due process, counsel, witnesses and to be informed of charges against him so as to prepare a defense thus also violating the Fifth, the Sixth and the Fourteenth Amendments.

### FOURTH CAUSE OF ACTION

On May 20, 2002, the County Court ordered the holding of a "Sandoval Hearing." Neither court, County District Attorney nor counsel, Richard J. McNally, Jr., complied, thus violating due process protected by the Fifth and Fourteenth Amendment rights and Mr. Krug's Sixth Amendment right to effective assistance of counsel.

### FIFTH CAUSE OF ACTION

On August 12, 2002, during the "Plea Hearing", Mr. Robert Krug was denied the knowledge of grounds for affirmative defenses of intoxication, mental defect, intent and mitigating factors. Neither counsel, Richard J. McNally, Jr., nor did the County Court of

Rensselaer inform Mr. Krug of his rights to these defenses thereby violating the Federal Criminal Procedure Law Rule 11 and his constitutionally protected Fifth and Fourteenth Amendment rights to due process and thus violating his Sixth Amendment to effective counsel.

## SIXTH CAUSE OF ACTION

On December 5, 2002, Mr. McNally never showed for Mr. Krug's Arraignment. Nor did he try to reschedule or object to his client not being represented.

## SEVENTH CAUSE OF ACTON

On December 13, 2002, Mr. McNally never objected to the court's not holding a hearing on change of counsel nor did he object to the violation of Mr. Krug's right to have counsel of his choice, undermining the Fifth, Sixth and Fourteenth Amendments.

## EIGHTH CAUSE OF ACTON

On December 19, 2002, defense counsel, Richard J. McNally, Jr., for Mr. Robert Krug never informed him of his statutory rights under CPL 380.50 which allows a defendant to rebut, take a reasonable adjournment when not properly given the seven day notice to a victims statement, the right to question victim or put question to them and Mr. McNally never informed Mr. Krug that the alleged victim didn't qualify as a victim under New York CPL 380.50. Thus violating Mr. Krug's Sixth Amendment right to effective counsel and violating his due process rights under the Fifth and Fourteenth Amendments.

## NINTH CAUSE OF ACTON

On December 19, 2002, counsel, Richard J. McNally, Jr., failed to protect Mr. Robert Krug's right to view his PSI report one court day prior to sentencing thus violating the due process of New York CPL 390.50, which in turn, violated Mr. Krug's Fifth and Fourteenth Amendment rights and his Sixth Amendment right to effective assistance of counsel.

## TENTH CAUSE OF ACTION

On December 19, 2002, Mr. Richard J. McNally, Jr., counsel for Mr. Robert Krug failed to protect Mr. Krug's Fifth and Fourteenth Amendment right to due process and his Eighth Amendment right, not to have excessive fines imposed when an illegal surcharge of $1,290.00 was levied at sentencing and Mr. McNally did nothing to protect his rights. This action also violated Mr. Krug's Sixth Amendment right to effective assistance of counsel.

## ELEVENTH CAUSE OF ACTION

During the court proceedings against Mr. Robert Krug under Indictment No. 01-1095 in the County of Rensselaer, Mr. Richard J. McNally, Jr., Esq. never informed Mr. Krug of all the charges in the indictment and the key elements that made up those charges. Thus violating Mr. Krug's Sixth amendment rights to be informed of the nature of the accusations and to effective assistance of counsel and his due process rights in the Fifth and Fourteenth Amendments.

### THIRTEENTH CAUSE OF ACTON

As an associate, employee, an/or member of the Law Firm of Bartle, McGrane, Duffy and Jones, The Firm is also equally responsible for Richard J. McNally, Jr.'s actions and violations due to the fact the firm was represented as Mr. Robert Krug's legal defense counsel through Mr. McNally's correspondence, letterhead and signed contract.

A Law Firm makes the policies and sets the standards for its members to follow and has the authority to direct, control and manage. Also if properly supervised should have known of a subordinate's actions. Thus the law Firm of Bartle, McGrane, Duffy and Jones is equally responsible for all the violations of civil rights against the Constitution of the United States that have been leveled in all of the prior causes of action, numbered one through ten in this complaint and should be made to answer all causes of action also.

### FOURTEENTH CAUSE OF ACTION

As the senior partner/principal/shareholder/owner/officer/member/responsible party of the Law firm of Bartle, McGrane, Duffy and Jones, Mr. Peter B. Jones, Esq. had the authority to manage, control, direct, set policy and standards for partners, associates, members and employees is responsible for the actions and violations due to the fact that he and his Firm were represented as Mr. Robert Krug's legal defense counsel through Richard J. McNally Jr., correspondence, letterhead and signed contract.

As Richard J. McNally, Jr's superior Peter B. Jones should be, if he was properly supervising, in full knowledge of all the actions and violations of a subordinate representing him and his Firm. Thus, Peter B. Jones, Esq. is equally responsible for the actions, violations and poor representation that have been leveled in the prior eleven

causes of action contained in this complaint and should be held to answer all equally.

**6.** Plaintiff demands a trial by jury.

### 7. Prayer for Relief

Wherefore, plaintiff requests that this court grant the following relief:

The plaintiff prays for relief in compensatory and punitive damages due to the loss of Attorney fees paid of $5,000.00 plus Bail bondsman fees of $4,000.00 and any and all related costs to them and pain and suffering due to ineffective assistance of counsel and deliberate indifference caused by the defendants in the amount of $5,000,000.00 together with plaintiff's attorney fees and cost and any such relief as the court or jury may seem just and proper.

I declare under the penalty of perjury that the foregoing is true and correct.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE 7-9-04

ROBERT L. KRUG