UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. KRUG,

                            Plaintiff,

  -against-                                          1:04-CV-0793
                                                               (LEK/DRH)
RICHARD McNALLY, JR.; BARTLE,
McGRANE, DUFFY, & JONES LAW FIRM;
PETER B. JONES,

                            Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

Plaintiff Robert L. Krug ("Plaintiff") brings this action claiming violations of 42 U.S.C. § 1983 against Defendants who were Plaintiff's retained counsel in a State criminal matter. See Amended Complaint (Dkt. No. 26). Plaintiff alleges, *inter alia*, that Defendants deprived Plaintiff of his constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, by interfering with and depriving Plaintiff of the effective assistance of counsel in connection with criminal charges pending in State court. Id. Plaintiff also alleges legal malpractice and negligence. Id. Plaintiff argues that Defendants are State actors by virtue of their oaths of office as officers of the courts, and because of professional licensing and oversight by the State. Plaintiff also alleges conspiratorial activities on the part of Defendants, in collusion with State prosecutors and the trial judge. See id.; Plntf's Mem. of Law (Dkt. No. 40, Attach. 1).[2]

---

[1] For printed publication by the Federal Reporters.

[2] The Court notes, however, that Plaintiff pled guilty to the State criminal charges filed against him. See, *inter alia*, Complaint (Dkt. No. 26) at ¶¶ 35, 37.

1

For a complete version of the background and facts, reference is made to the Amended Complaint (Dkt. No. 26), and to Plaintiff's Memorandum of Law in Opposition (Dkt. No. 40, Attach. 1) that contains both factual recitations and legal analysis.[3]

Presently before this Court is Defendants' Motion for summary judgment (Dkt. No. 36). Plaintiff has filed a Response in opposition to Defendants' Motion (Dkt. No. 40). Defendants have filed a Reply to Plaintiff's Response (Dkt. No. 42). For the reasons that follow, Defendants' Motion is granted, and Plaintiff's Amended Complaint is dismissed.

## II. Discussion

*A. Standard for Claims Pursuant to 42 U.S.C. § 1983*

Section 1983 provides, in relevant part:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State...* subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,...

42 U.S.C. § 1983 (emphasis added).

It is also well settled that in order for a plaintiff to bring a § 1983 claim against a defendant, that defendant must be a State actor, acting under color of State law. See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997) ("To state a claim under § 1983, a plaintiff must allege (1) the

---

[3] Defendants are correct that a non-moving party's failure to comply with Local Rule 7.1(a)(3) (failure to submit Material Statement of Facts in opposition) would result in the moving party's statement of material facts being taken as admitted and unopposed for the purposes of the motion. See Defts' Reply (Dkt. No. 42) at 1; N.D.N.Y. L.R. 7.1(a)(3). And, indeed, a review of the Record indicates that Plaintiff in this matter has failed to submit a Statement of Material Facts, thus violating Local Rule 7.1(a)(3). However, Plaintiff has submitted facts as part of his Memorandum of Law in Opposition (Dkt. No. 40), and Plaintiff is proceeding *pro se*. As such, this Court will read Plaintiff's submissions liberally, see, *inter alia*, Triestman v. Fed. Bur. of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), and will not hold Plaintiff in violation of the Local Rules at this time.

deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law.") (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)). Or, if the defendant is a private actor, then that private actor-defendant must have willingly participated in an activity with the State or participated in an activity where the State encouraged or required the action by the private defendant at the time of the alleged offense.

> The involvement of a state official in... a conspiracy plainly provides the state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights, whether or not the actions... were officially authorized, or lawful;... Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under [§] 1983.  "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute.  To act 'under color' of law does not require that the accused be an officer of the State.  It is enough that he is a willful participant in joint activity with the State or its agents".

Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970).  See also Lugar, 457 U.S. at 930-31; Hoai v. Vo, 935 F.2d 308, 313 (D.C. Cir. 1991).

Additionally, defense attorneys - even if court-appointed or public defenders - do not act under color of State law when performing traditional functions of counsel.  See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); Weprin, 116 F.3d at 65-66.  See also Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994) ("The conduct of retained counsel does not rise to the level of state action within the meaning of § 1983."); Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam).

### B.  *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In applying this standard, courts must "'resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment.'" Brown v. Henderson, 257 F.3d 246, 251 (2d Cir. 2001) (quoting Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001)).

Once the moving party meets its initial burden by demonstrating that no material fact exists for trial, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). The nonmovant "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." Brown, 257 F.3d at 251 (citation omitted). Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

### *C. Defendants' Motion*

Upon review of the submissions, the Record, and the relevant law, the Court finds that Plaintiff in this matter has failed to meet the standard for § 1983 claims. Defendants are clearly private attorneys, who served as privately-retained defense counsel. See Amended Complaint (Dkt. No. 26) at ¶ 20. Although Plaintiff attempts to argue that Defendants are State actors because their oaths of office and responsibilities as Officers of the Court place them in the position of State actors, given the relevant case law, *supra*, Plaintiff's argument on that point fails. See Polk County,

4

454 U.S. at 324-25; Weprin, 116 F.3d at 65-66; Lemmons, 39 F.3d at 266.

As such, the only remaining avenue for maintaining a § 1983 claim against Defendants in the case at bar would be for Plaintiff to allege a conspiracy with State officials on the part of Defendants. In that way, Plaintiff attempts to avoid dismissal under Polk and related cases. However, that attempt fails, as well. In fact, the Second Circuit, in a recent (although unpublished) opinion held that:

> To the extent [Plaintiff-Appellant] attempts to avoid *Polk*'s bite by alleging that the public defenders in his case conspired with judges and district attorneys to pursue his malicious prosecution,... this conspiracy allegation is wholly conclusory and, as such, insufficient even at the pleadings stage to establish that the public defenders were acting under color of state law,... Accordingly, we conclude that the district court properly dismissed [Plaintiff's] complaint against these defendants.

Tapp v. Champagne, 164 Fed. Appx. 106, at *2 (2d Cir. 2006) (unpublished, summary order). The same is true in the matter at bar. The Court has reviewed Plaintiff's briefing and exhibits. Although Plaintiff asserts that the exhibits are proof positive that Defendants violated Plaintiff's rights, the Court is at a loss as to how exactly the exhibits and briefing show any § 1983 violation. It appears that Plaintiff has grouped, *inter alia*, a number of excerpted court transcripts, affidavits, a newspaper article (on ethics in judicial elections), and alleged telephone conversations to make speculative allegations of conspiracy and lying on the part of Defendants. Nothing concrete has been presented or advanced in support of Plaintiff's claims, and that is not sufficient. As previously stated, conjecture unsupported by evidence is insufficient to overcome a motion for summary judgment. Carey, 923 F.2d at 21; Stack Oil, Inc., 922 F.2d at 121.

Furthermore, Plaintiff's claims fail under the principle discussed in Heck v. Humphrey, 512

U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254*. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed,... in the absence of some other bar to the suit.

Id. at 486-87 (footnotes and citations omitted; emphasis added). Plaintiff has not met the requirements set forth and discussed in Heck. Indeed, Plaintiff has presented no evidence, no court orders, no executive orders, and nothing else of the kind finding his conviction or imprisonment invalid, even though Plaintiff directly contends that if it had not been for the alleged actions and conspiracy of Defendants herein, Plaintiff would not have pled guilty, would not have a conviction against him, and would not be in prison.

Therefore, Plaintiff's claims under § 1983 fail in all respects, and Defendants' Motion is granted. Given said disposition, this Court will not reach or address Plaintiff's remaining claims and Plaintiff's Amended Complaint is dismissed.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 36) is **GRANTED**;

6

and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 26) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     February 07, 2007
           Albany, New York

Lawrence E. Kahn
U.S. District Judge